IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KEMBERLYS RAYMAR REYES JIMENEZ,** #A244-865-701, | § § § | |
| Petitioner, | § § § | |
| v. | § | Civil Case No. **3:26-CV-999-L-BK** |
| | § | |
| **JIMMY JOHNSON, WARDEN, *et al.*,** | § § | |
| Respondents. | § § | |

## <u>ORDER</u>

Before the court are Kemberlys Raymar Reyes Jimenez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (Doc. 3), filed on March 30, 2026, and Motion for Temporary Restraining Order Prohibiting Transfer or Removal Pending Resolution of Habeas Corpus Petition ("Motion for TRO"), filed on April 8, 2026 (Doc. 7).  The court expresses no opinion regarding the merits of the Petition or the related Motion for TRO, as it determines, for the reasons that follow, that it lacks jurisdiction over this habeas action. Instead of dismissing the action, however, the court, in the interests of justice, **transfers** it to the United States District Court for the Western District of Oklahoma.

Petitioner, a *pro se* alien detainee, filed her Petition seeking habeas corpus relief.  She challenges her detention pending removal and requests release from detention or an individualized bond hearing before a neutral immigration judge.  The court determines that the Petition was filed on March 30, 2026, when Petitioner was in the custody of United States Immigration and Custom Enforcement ("ICE") at the Diamondback Correctional Facility in Watonga, Oklahoma. Petitioner signed the Petition on March 18, 2026, when she was allegedly housed by ICE at the Prairieland Detention Center. As of March 27, 2026, when Petitioner signed her notice of address change, she

Order – Page 1

was at the Diamondback Correctional Facility.  Doc. 6 at 2-4.  The Petition, however, was mailed by a third party on March 24, 2026, from a United States Post Office in Carrolton, Texas, by certified mail, return receipt requested.  Doc. 3 at 24.  Because Petitioner did not place the Petition in the prison mailbox at the Prairieland Detention Center, the "mailbox rule" does not apply.  *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings (extending the "mailbox rule" only to inmates who use the jail/prison's "internal mailing system"); Rule 1(c) (permitting courts to apply the habeas rules to other cases); *see also Brown v. Taylor*, 829 F.3d 365, 369-70 (5th Cir. 2016) (extending the mailbox rule to civilly committed individuals). Thus, the earliest date that the Petition can be deemed filed is March 30, 2026, the date the court received it.  Doc. 3 at 24.

Petitioner also seeks a temporary restraining order ("TRO") to prevent ICE from (1) transferring her from the Diamondback Correctional Facility without notice and (2) removing her to Venezuela or any other country.  Doc. 7.  The Motion for TRO is not signed, and, like the Petition, it was also filed by a third party albeit through the court's emergency filings e-mail account.  Setting aside the lack of signature and the manner in which the Motion for TRO was filed, the court lacks jurisdiction over this habeas action.

To entertain a habeas corpus petition under § 2241, the court must have jurisdiction over the petitioner or his custodian.  *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001). The district of incarceration is the only district that has jurisdiction to entertain a section 2241 petition.  *Id.* When Petitioner initiated this action, she was incarcerated in Watonga, Oklahoma (Blaine County), which lies within the jurisdictional boundaries of the Western District of Oklahoma.  *See* 28 U.S.C. § 116(c).  Thus, this court lacks jurisdiction to entertain the Petition and related Motion for TRO and, as such, this court is not the proper forum for this action.  *See Lee*, 244 F.3d at 374-75.

Order – Page 2

When a court determines that it lacks jurisdiction over an action, it must either dismiss the action or, in the interests of justice, transfer it to a court of proper jurisdiction. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (mentioning both options); 28 U.S.C. § 1631 (permitting transfers to cure want of jurisdiction); Fed. R. Civ. P. 12(h)(3) (directing the court to dismiss actions over which it appears that it lacks jurisdiction). The interests of justice here favor transferring this action to a court of proper jurisdiction—the United States District Court for Western District of Oklahoma—rather than dismissing it because Petitioner is an alien detainee, who has been in ICE custody since March 13, 2026, and she is proceeding *pro se* and is subject to mandatory detention.

Accordingly, it is **ordered** that this habeas action is **transferred** to the United States District Court for the Western District of Oklahoma. *See* 28 U.S.C. § 1631. Further, given the nature of the relief sought, the court **concludes** that the 21-day stay under Local Civil Rule 62.2 for transferred cases is inapplicable and not warranted here, and the clerk of court is **not** to stay the case for 21 days after the entry of this order. Local Civil Rule 83.1 also allows a judge to proceed "in any manner that the judge deems just and expeditious," and Petitioner moves for immediate relief through her Motion for TRO, so the interests of justice do not support a 21-day stay.

**It is so ordered** this April 9, 2026.

Sam A. Lindsay
United States District Judge

**Order – Page 3**